**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION
IN ADMIRALTY**

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF ) <br> FREEDOM MARINE SALES, LLC, AS OWNER, ) <br> AND FREEDOM BOAT CLUB, LLC AS OWNER, ) <br> PRO HAC VICE OF THE M/Y FREEDOM LX, ) <br> FOR EXONERATION FROM OR LIMITATION ) <br> OF LIABILITY ) | CIVIL ACTION NO: <br> _____ |

**VERIFIED COMPLAINT**

COMES NOW, FREEDOM MARINE SALES, LLC, as Owner, and FREEDOM BOAT CLUB, LLC, as Owner Pro Hac Vice of the M/Y FREEDOM LX, for Exoneration From or Limitation of Liability (collectively referred to herein as "Plaintiffs"), and by and through their undersigned counsel of record, herewith show this Honorable Court as follows:

1.

This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Fed.R.Civ.P.

2.

Freedom Marine Sales, LLC is a Florida Limited Liability Corporation with a principal place of doing business at 897 East Venice Avenue, Venice, Florida 34285. At all times hereinafter mentioned, Freedom Marine Sales, LLC, was owner, and Freedom Boat Club, LLC, was the owner pro hac vice of the motor yacht FREEDOM LX (hereinafter "Vessel") within the meaning of the Limitation of Liability Act, 46 U.S.C. § 30523, *et. seq*.

3.

Venue is appropriate for this proceeding pursuant to Rule F(9) of the Supplemental Rules for Admiralty or Maritime Claims of the Fed.R.Civ.P.  At all times relevant hereto, the Vessel is, and remains, within the jurisdiction and venue of this Honorable Court.

4.

The FREEDOM LX is a 2023 Bennington pontoon boat with a length of 24' 4", bearing hull identification number ETWM9358H223, that is registered in Georgia.

5.

On or about October 19, 2024, the Vessel was being operated near Wassaw Beach on or near Chatham County, Georgia.

6.

At roughly 1400, the Vessel was grounded due to an outgoing tide.  After the Vessel became grounded, Charles Barron, the operator of the Vessel, entered the water and began to push it in an attempt to free it from the grounding.  Mr. Barron's wife and co-member, Lu Lu He, took the helm and was operating the Vessel while pushing the throttle, when a wave came and pushed the propellor into Charles Barron.

7.

Prior to the casualty described above, Plaintiff exercised due diligence to make the Vessel seaworthy and maintain it in all respects, and the Vessel was in fact tight, staunch, strong, and properly manned, equipped and supplied, in all respects seaworthy, and fit and proper for the service in which she was engaged at the commencement of her voyage.

8.

The incident, and any and all damages, injuries, and losses resulting therefrom, were not caused or contributed to, or due to any fault, design or neglect or want of care on the part of Plaintiffs, the Vessel or those in charge of her, or any person or persons for whom Plaintiffs are responsible, or by any failure of Plaintiffs to exercise due diligence to make the Vessel seaworthy.

9.

In the alternative, the incident and any and all damages, injuries, or losses resulting therefrom, were occasioned and occurred as a result of some excusable cause, including but not limited to peril or accident of the sea, act of God, or a latent defect, warranting exoneration from liability and/or on the part of the Vessel.

10.

The incident and any and all damages, injuries or losses resulting therefrom were occasioned and incurred without the privity or knowledge, at or prior to the commencement of the voyage from which the Vessel was engaged, of Plaintiffs' officers, directors, or anyone whose privity or knowledge is imputable to Plaintiffs.

11.

As a result of the incident and related events, Plaintiffs have been advised of claims arising out of the casualty described therein above.

12.

Plaintiffs do not know the total amount of the claims that may be made for loss, damage, injury or destruction growing out of the casualty described above, but the claims and suits that may be asserted exceed the total sum or sums for which Plaintiffs may be legally responsible or may

be required to pay under the applicable statutes covering exoneration from or limitation of liability for Vessel owners.

13.

Plaintiffs maintain that their interests in the value of the Vessel at the termination of the voyage and pending freight did not exceed the sum Fifty-Seven Thousand and 00/100 Dollars ($57,000.00).  (See Dec. of David Scott, ¶¶ 2-3).

14.

Subject to an express reservation of rights, Plaintiffs offer an ad interim stipulation of value in the amount of Fifty-Seven Thousand and 00/100 Dollars ($57,000.00), plus interest at 6% annum, which value is expected to be substantially less than the amount which will be claimed for any losses or damages arising by reason of the casualty set forth above.

15.

This Complaint is filed within six (6) months after Plaintiffs received the first written notice of any claim from any claimant.

16.

Plaintiffs claim exoneration from liability for any and all losses sustained during the voyage and from any and all claims for damages that have been or may hereinafter be made. Plaintiffs allege that they have a valid defense on the facts and on the law.

17.

Plaintiffs further claim the benefits of the Limitation of Liability Act provided by 46 U.S.C. § 30523, *et. seq*., and the various supplementary statues thereto.  To that end, Plaintiffs are ready and willing to give a Stipulation with sufficient surety for the payment into the Court for the value of their interest in the M/Y FREEDOM LX and her pending freight, as provided for by Rule F of

the Supplemental Rules for certain admiralty and maritime claims of the Fed.R.Civ.P. and by the Local Rules for the Southern District of Georgia.

WHEREFORE, Plaintiffs pray:

(a) That this Court issue notice to all persons asserting any claims by reason of any loss, injuries, expenses, or damages occasioned or incurred by reason of the casualty described above, admonishing them to file their claims with the Clerk of this Court and to serve on the attorneys for the Plaintiffs a copy thereof on or before a date to be named in the notice;

(b) That this Court issue an injunction restraining the commencement or prosecution against the Plaintiffs or against the M/Y FREEDOM LX, of any and all actions or legal proceedings which have arisen or may arise out of the casualty, except in the instant case;

(c) That this Court exonerate the Plaintiffs or, alternative, adjudge that the Plaintiffs' liability be limited to the value of Plaintiffs' interest in the M/Y FREEDOM LX after the casualty;

(d) That Plaintiffs be granted such other and further relief as the justice of the case may require.

This 31st day of March, 2025.

          BOUHAN FALLIGANT LLP

By: /s/ Todd M. Baiad
   TODD M. BAIAD
   Georgia Bar No: 031605
   LUCAS D. BRADLEY
   Georgia Bar No: 672136
   Attorneys for Plaintiffs

BOUHAN FALLIGANT LLP
One West Park Avenue (31401)
Post Office Box 2139
Savannah, Georgia 3142-2139
Telephone: (912) 232-7000
Facsimile: (912) 233-0811
tmbaiad@bouhan.com
ldbradley@bouhan.com