THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION
IN ADMIRALTY

| | |
|---|---|
| IN THE MATTER OF: <br><br> FREEDOM MARINE SALES, LLC, AS OWNER, *and* FREEDOM BOAT CLUB, LLC, AS OWNER *PRO HAC VICE*, OF THE *M/V FREEDOM LX*, *in a cause for Exoneration from or Limitation of Liability*, <br><br> Petitioners. <br><br> *** <br><br> CHARLES BARRON, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> FREEDOM MARINE SALES, LLC, *and* FREEDOM BOAT CLUB, LLC, <br><br> Third-Party Defendants. | Case No. 4:25-cv-00074-RSB-CLR |

### ANSWER AND AFFIRMATIVE DEFENSES TO PETITIONERS' COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

**COMES NOW**, Respondent, CHARLES BARRON, by and through the undersigned counsel and files his Answer and Affirmative Defenses to Petitioners', FREEDOM MARINE SALES, LLC, as Owner, and FREEDOM BOAT CLUB, LLC, as owner *Pro Hac Vice*, of the M/V *Freedom LX,* a S-25 Bennington Tri Pontoon Boat (HIN: ETWM9358H223 & GA Reg. # GA 2402 GJ), [Second] Amended Verified Complaint for Exoneration from or Limitation of Liability, and states as follows:

1

1. The allegations in Paragraph 1 require a legal conclusion to which no answer is required. To the extent an answer is required, Respondent admits the allegations in Paragraph 1.

2. Respondent lacks sufficient knowledge or information regarding the allegations in Paragraph 2 and therefore denies the same.

3. The allegations in Paragraph 3 require a legal conclusion to which no answer is required. To the extent an answer is required, Respondent admits that venue in this Court is proper and that this Court has jurisdiction over the Vessel. Respondent lacks sufficient knowledge or information to form a belief as to the truth or falsity of the whereabouts of the Vessel and therefore denies allegations regarding the same. Respondent otherwise denies the remaining allegations in Paragraph 3.

4. Respondent lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 4 and therefore denies the same.

5. Respondent admits the allegations in Paragraph 5.

6. Respondent admits that on or about October 19, 2024, Respondent was aboard a recreational vessel on the navigable waters in or around Wassaw Beach, in Chatham County, Georgia, that at or around the same time the Vessel became grounded, that Respondent entered the water to attempt to free the Vessel from grounding, and that Respondent's wife, Lu Lu He, took the helm at or around the same time. Respondent further states that in an attempt to relaunch the Vessel he suffered severe, life-threatening injuries when the propeller struck him. Respondent otherwise denies the allegations in Paragraph 6.

7. The allegations in Paragraph 7 require a legal conclusion to which no answer is required. To the extent an answer is required, Respondent denies the allegations in Paragraph 7.

8. The allegations in Paragraph 8 require a legal conclusion to which no answer is required. To the extent an answer is required, Respondent denies the allegations in Paragraph 8.

9. The allegations in Paragraph 9 require a legal conclusion to which no answer is required. To the extent an answer is required, Respondent denies the allegations in Paragraph 9.

10. The allegations in Paragraph 10 require a legal conclusion to which no answer is required. To the extent an answer is required, Respondent denies the allegations in Paragraph 10.

11. Respondent admits the allegations in Paragraph 11.

12. The allegations in Paragraph 12 require a legal conclusion to which no answer is required. To the extent an answer is required, Respondent admits that his claims exceed the putative value of the Vessel. Respondent otherwise lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 12 and therefore denies the same.

13. Respondent lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 13 and therefore denies the same.

14. Respondent admits that Petitioner offered to the Court an ad interim

stipulation as stated, but expressly denies that the amount of his claim is less than the putative value of the Vessel and/or any stipulation by Respondent in this action. Respondent otherwise lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 14 and therefore denies the same.

15. Respondent admits the allegations in Paragraph 15.

16. The allegations in Paragraph 12 require a legal conclusion to which no answer is required. To the extent an answer is required, Respondent denies the allegations in Paragraph 16.

17. The allegations in Paragraph 12 require a legal conclusion to which no answer is required. To the extent an answer is required, Respondent lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 17.

## GENERAL DENIAL

All allegations in the [Second] Amended Complaint For Exoneration From or Limitation of Liability not expressly admitted above are Denied with strict proof thereof demanded.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The [Second] Amended Complaint For Exoneration From or Limitation of Liability fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Respondent denies that Petitioner is entitled to claim exoneration from and/or limitation of liability, on the grounds that, *inter alia*, Petitioners, their employees, and/or their agents were themselves negligent and/or had privity and knowledge of the events and conditions which caused Respondent's injuries. As such, 46 U.S.C. §30501, *et seq.*, is inapplicable to the Vessel in contention, that the intent and equitable interpretation of the Act precludes Petitioners from assuming the protections and limitations of the Act.

### Third Affirmative Defense

The incident described in Petitioners' complaint occurred with the privity and knowledge of the owner, its agents, officers, managing directors, and employees, among others, because the Petitioners and said persons knew, among other things, that the vessel was not seaworthy, said persons failed to have in place and enact a preventative maintenance program, that the Petitioners knew or should have known that the vessel was unseaworthy vessel but failed to rectify it and instead, in the face of such danger, allowed the passengers to proceed on the said trip, failed to provide safety instructions prior to the departure of the vessel, and failed to train their employees and failed to train operators of the vessel. Specifically, Petitioners

committed, *inter alia*, the following negligent acts:

a) The vessel was not properly equipped for its intended purpose and had defective, dangerous, inadequate, and faulty equipment, and/or was missing equipment; and/or

b) The vessel was not fit for its intended purpose; and/or

c) The owners of the vessel failed to warn Respondents of known and foreseeable dangerous conditions on the vessel prior to inception of the voyage; and/or

d) The vessel was not properly maintained and/or was inadequately maintained, and Petitioners used unqualified personnel for maintenance; and/or

e) The vessel was not seaworthy in its condition; and/or

f) The vessel was not seaworthy because it did not have a sufficiently trained captain or crew; and/or

g) Petitioners directly, or their employees or agents, knew the vessel was not seaworthy, had defective equipment on board the vessel, and an insufficiently trained crew, before the vessel left Petitioners' dock.

## **Fourth Affirmative Defense**

Petitioners are not entitled to exoneration or limitation of liability because at all times material, the master was with privity or knowledge of any and all negligent conditions and/or defects and/or unseaworthiness of the at issue vessel which caused or contributed to the Respondent's injuries.

## **Fifth Affirmative Defense**

Pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all state law

remedies, Respondent, in filing this Answer and Claim, reserves all rights to pursue all available claims in the forum of their choosing, including state court, for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court, and to have such claims and related damages tried to a jury. The filing of this Answer and Claim in no way constitutes a waiver of the rights and defenses, and Respondent does not, through this filing, agree to join all issues in this proceeding.

### Sixth Affirmative Defense

The limitation fund is inadequate, and Petitioners" Amended Complaint should be dismissed because Petitioners have failed to deposit adequate security equal to the value of the boat. Therefore, the limitation fund is inadequate.

### Seventh Affirmative Defense

Respondent avers that all insurance amounts providing coverage for Petitioners, for the events and occurrences of the incident at issue, must be included in the limitation fund in the event that Petitioners prevail in this limitation of liability proceeding, which Respondent denies is appropriate for all the reasons stated herein.

### Eighth Affirmative Defense

The Limitation of Liability Act, 46 U.S.C. §30501, *et. seq.*, is available only to an "owner" of a vessel; Petitioner Freedom Boat Club, LLC, is not an actual owner of the stated vessel and is accordingly not entitled to the protections of the Act.

### Tenth Affirmative Defense

Respondent reserves the right to contest the value of the vessel, its

appurtenances, and the adequacy of the security therefor.

### Eleventh Affirmative Defense

Petitioners are not entitled to exoneration or limitation of liability because the failure of equipment, the unseaworthiness of the vessel, the lack of training of the captain and crew, and any and all resulting loss, damage and/or injury was done or occasioned and incurred with the privity of knowledge of Petitioners and/or their agents and/or employees and/or servants and/or apparent agents. At all times material, Petitioners knew or could have and should have learned of these deficiencies by reasonable inquiry, inspection, and training.

### Twelfth Affirmative Defense

Petitioners are not entitled to exoneration or limitation of liability because Petitioners and/or their agents and/or employees and/or servants and/or apparent agents, are now and/or were at the time of the incident, with privity or knowledge of any and all negligent conditions and/or defects of the at issue vessel and crew which caused or contributed to Respondent's injuries.

### Thirteenth Affirmative Defense

Petitioners are not entitled to exoneration or limitation of liability because Petitioners' negligence and/or the negligence of their employees and/or agents, was the proximate cause of Respondent's injuries.

### Fourteenth Affirmative Defense

Petitioners are not entitled to exoneration or limitation of liability because the accident and any and all damages, injuries, and losses resulting from the incident

were caused or contributed to by the fault, design, neglect, negligence, or want of due care by Petitioners and/or their agents, and/or employees, and/or servants, and/or apparent agents.

### Fifteenth Affirmative Defense

Petitioners are not entitled to exoneration or limitation of liability because the vessel was unsafe and unfit for the intended use, directly and proximately causing the incident in question.

### Sixteenth Affirmative Defense

Petitioners are jointly and severally liable for the negligent acts of third parties who are not entitled to exoneration and/or limitation of liability.

### Seventeenth Affirmative Defense

To the extent that the Honorable Court determines that the Limitation of Liability Act applies to this case, the limitation fund should include any and all proceeds from any payment, judgment, award, or settlement which may be received by Petitioners from any third party.

### Eighteenth Affirmative Defense

To the extent Petitioners, now or in the future, assert a third-party action or otherwise seeks indemnity or contribution from any person or entity, that Petitioners' cause of action and any ultimate recovery inures to the benefit of Respondent and is to be added to the Limitation Fund.

### Nineteenth Affirmative Defense

The Limitation of Liability Act is unavailable to Petitioners' insurer(s).

**WHEREFORE**, Respondent, CHARLES BARRON, having fully answered the complaint, prays that this Court enter an Order DENYING Petitioners' [Second] Amended Complaint For Exoneration From or Limitation of Liability and award to Respondent any and all damages, costs, fees, and interest allowed by law or equity that this Court deems reasonable, including any and all attorneys' fees and costs associated with this action, and such further relief as justice requires.

Respectfully Submitted this 13th day of June, 2025.

**BOWEN PAINTER, LLC**

*Stephen Morrison*
STEPHEN D. MORRISON, III
Georgia Bar No. 700828
W. ANDREW BOWEN
Georgia Bar No. 071398
308 Commercial Drive, Suite 100
Savannah, GA 31406
Phone: 912-335-1909
Facsimile: 912-335-3537
stephen@bowenpainter.com
andrew@bowenpainter.com

**FRANK D. BUTLER, P.A.**

FRANK D. BUTLER
Florida Bar No. 940585
10550 US 19 North
Pinellas Park, FL 33782
Phone: 727-329-2222
Facsimile: 727-399-2202
fdblawfirm@aol.com
***Pro Hac Vice Forthcoming***

*Attorneys for Respondent*
*Charles Barron*